IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Brief November 14, 2011

## STATE OF TENNESSEE EX REL. MARSHA CAMPBELL v. JEFFREY D. PENUEL, SR.

**Appeal from the Circuit Court for Sumner County**
**No. 19756    C. L. Rogers, Judge**

**No. M2009-01688-COA-R3-CV - Filed January 20, 2012**

Father filed a petition to terminate child support payments, due to the child for whom the support was payable reaching the age of majority. In disposing of the petition, the trial court, *inter alia*, assessed an arrearage and waived interest on the arrearage. The State appeals the action of trial court in waiving interest on the arrearage. We find that the court erred in waiving interest on the arrearage and remand the case for a determination of the amount of interest.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Amy T. McConnell, Assistant Attorney General, for the appellant, State of Tennessee.

Jeffrey D. Penuel, Sr., Mt. Juliet, Tennessee, Pro Se.

## OPINION

The proceeding giving rise to this appeal was initiated by the filing of a petition to terminate child support by Jeffrey D. Penuel, Sr., on June 12, 2009. Mr. Penuel was formerly married to Marsha Campbell Penuel; they were divorced on November 8, 1999. In accordance with a marital dissolution agreement which was approved and adopted by the court, Mr. Penuel was obligated to pay $200.00 per week as support for the two children of the marriage.

On January 2, 2003, Ms. Campbell, represented by the District Attorney General,[1] filed a petition seeking to hold Mr. Penuel in contempt for failure to comply with the child support obligation. Mr. Penuel answered the petition and filed a counter-petition, seeking to reduce his support obligation. On April 11 an order was entered, *inter alia*, setting an arrearage of $12,950.00, reducing his support to $337.38 bi-weekly, and requiring a bi-weekly payment of $62.62 on the arrearage. The order further provided that payments would be made by wage assignment and would be made payable to the Central Child Support Receipting Unit.

Ms. Campbell filed a second petition for contempt on October 6, 2005, alleging that Mr. Penuel had failed to make payments as ordered; Mr. Penuel responded by filing a petition to reduce his payments. An order was entered on December 16 granting an additional arrearage judgment of $18,256.45, for a total accumulated judgment of $31,206.45. The order provided that Mr. Penuel would continue to pay $400 bi-weekly by wage assignment to the Central Support Receipting Unit. On February 10, 2006, an Agreed Order was entered reducing Mr. Penuel's support to $610.00 per month in child support and $135.68 per month on the arrearage, for a total payment of $745.68 per month. At a review hearing on March 17, 2006, the total accumulated arrearage judgment was declared to be $31,403.85; payments totaling $745.68 per month were continued. At a review hearing on April 21, 2006, an order was entered holding that Mr. Penuel was in compliance with the prior order. On June 20, 2006, Mr. Penuel filed a petition to reduce support on the ground that the oldest child would reach the age of majority on July 8. On July 26 an Agreed Order was entered reducing support to $100.85 per week and continuing the $31.31 per week payment on the arrearage.

In the petition to reduce support Mr. Penuel filed on June 12, 2009, he asserted that the youngest child would reach the age of majority on July 28. A hearing was held on June 26 and an order entered on that date terminating support effective July 28, 2009, declaring an arrearage of unpaid child support in the principal amount of $19,903.14, ordering that the arrearage be paid at $132.16 per week until liquidated, and waiving interest on the arrearage. The State moved the court to reconsider the waiver of interest, which the State calculated to be $10,089.88. The court denied the motion and the State appeals, asserting that the court erred in waiving interest on the arrearage.[2]

---

[1] The District Attorney General has represented Ms. Campbell in post-divorce proceedings related to child support pursuant to Tenn. Code Ann. § 71-3-124(c).

[2] Mr. Penuel has not filed a brief on appeal.

## Standard of Review

Review of the trial court's findings of fact is *de novo* upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 199 S.W.3d 632, 635 (Tenn. 2006). Review of the trial court's conclusions of law is *de novo* with no presumption of correctness afforded to the trial court's decision. *See Kaplan*, 199 S.W.3d at 635.

## Discussion

Tenn. Code Ann. § 36-5-101 governs decrees for child support in divorce cases and provides in pertinent part:

> (f)(1) Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. *If the full amount of child support is not paid by the date when the ordered support is due, the unpaid amount is in arrears, shall become a judgment for the unpaid amounts, and shall accrue interest from the date of the arrearage, at the rate of twelve percent (12%) per year. All interest that accumulates on arrearages shall be considered child support.* Computation of interest shall not be the responsibility of the clerk.

Tenn. Code Ann. § 36-5-101(f)(1) (emphasis added). In *Gibson v. Prokell*, No. W2000-01236-COA-R3-CV, 2001 WL 935461 (Tenn. Ct. App. August 15, 2001), this court held that the language quoted in italics, then codified at Tenn. Code Ann. § 36-5-101(a)(5), "is clearly mandatory regarding the accrual of interest on arrearages" and found that the trial court erred in holding that the child support arrearage in that case did not accrue interest. *Id*. at *7.

The court below did not make findings of fact and did not otherwise explain why it waived interest on the arrearage. We see no basis in the record to depart from the statutory requirement. Consequently, on remand the court shall enter judgment providing that the arrearage of $19,903.14 shall accrue interest at the rate of 12 % from the date of the arrearage.

Conclusion

The judgment of the trial court is affirmed as modified. The case is remanded for a determination of the amount of the arrearage, entry of judgment in accordance therewith, and for such further proceedings as may be necessary.

_____
RICHARD H. DINKINS, JUDGE